**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FERRIS PROPERTIES, INC., et al., | ) | Case No. 14-10491 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| ———————————————— | ) | |

## MEMORANDUM OPINION[1]

This opinion addresses the Motion of Ferris Properties, Inc., and Lexell, LLC (collectively, the "Debtors") for an Order approving the sale of eleven properties free and clear of liens and encumbrances pursuant to sections 363(f)(2) and 363(f)(5) of the Bankruptcy Code (the "Sale Motion"). Wells Fargo Bank, NA ("Wells Fargo") objects to the Sale Motion. Because the Court finds that Wells Fargo could not be compelled to accept a money satisfaction of its interests in the Debtors' properties and did not consent to the sale, it will deny the Sale Motion.

I. BACKGROUND

The Debtors leased and managed forty-eight parcels of real estate in Wilmington and Elsmere, Delaware. (D.I. 214.) On March 6, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. (D.I. 1.)

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

Pursuant to this Court's order of September 11, 2014, approving procedures for the sale and auction of the Debtors' properties, the Debtors began marketing their properties to potential buyers. (D.I. 150.) One-Pie Investments, LLC ("One-Pie") purchased four of the Debtors' properties at auction and twenty-two others pursuant to a bulk sale agreement. There was no objection to either sale and the Court confirmed the sales on October 23, 2014, and January 20, 2015, respectively. (D.I. 164, 165, 167, 169 & 195.)

On March 30, 2015, the Debtors received another bulk sale offer from One-Pie for eleven of their remaining properties (the "Properties") at a proposed purchase price of $240,000. (D.I. 214.) On May 13, 2015, the Debtors filed the Sale Motion seeking approval of the sale to One-Pie. (Id.) On May 29, 2015, Wells Fargo, which holds mortgages on each of the Properties, filed an objection to the Sale Motion, because the sale proceeds are less than it is owed on the Properties. (D.I. 220.) On June 3, 2015, a hearing was held, at which the Court took the matter under advisement and requested supplemental briefing.

On June 9, 2015, One-Pie filed a letter memorandum in support of the Sale Motion. (D.I. 226.) On June 16, 2015, Wells Fargo filed a response maintaining its objection to the Sale Motion. (D.I. 228.) Briefing is complete and the matter is now ripe for decision.

II. <u>JURISDICTION</u>

The Court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (N) & (O).

III. <u>DISCUSSION</u>

One-Pie argues that the proposed sale is proper under section 363(f)(5) of the Bankruptcy Code because Wells Fargo could be compelled to accept a money satisfaction of its interests in the Properties under section 1129(b)(2)(A) or section 724(b) of the Bankruptcy Code, or under state law through a monition sale or a partition sale.

One-Pie further argues that a sale is proper under section 363(f)(2) because Wells Fargo did not properly object to the Sale Motion and must be deemed to have consented to it.

Wells Fargo argues that the Sale Motion should be denied because it could not be compelled to accept a money satisfaction of its interests in the Properties under any of the legal proceedings cited by the Debtors and because it did not consent to the sale.

A.   <u>Section 363(f)(5)</u>

Section 363(f)(5) allows a debtor to sell property of the estate free and clear of liens, claims, and encumbrances of an entity if that entity "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such

interest." 11 U.S.C. § 363(f)(5).

Because the sales price offered by One-Pie is insufficient to pay Wells Fargo in full, the sale proponents must prove the existence of a legal or equitable proceeding that could compel it to accept a money satisfaction of its interest in the properties to be sold. In re PW, LLC, 391 B.R. 25, 45 (B.A.P. 9th Cir. 2008). Furthermore, the sale proponents must do more than show that it is theoretically possible to compel a creditor to accept a money satisfaction under section 363(f)(5). Id. (holding that debtors "must demonstrate how satisfaction of the lien 'could be compelled.'"). See also In re Haskell, L.P., 321 B.R. 1, 8-9 (Bankr. D. Mass. 2005) (rejecting the argument that debtors need only show that it is theoretically possible to compel a party under § 363(f)(5)); In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, 827 (N.D. Ill. 1993) (requiring debtor to demonstrate how a creditor could be compelled to accept satisfaction of its interest by § 1129(b) "cramdown").

    1.   Sections 724(b) and 1129(b)(2)(A)

One-Pie argues that Wells Fargo could be compelled to accept a money satisfaction of its liens in the Properties under either section 724(b) or 1129(b)(2)(A). See In re Grand Slam U.S.A., Inc., 178 B.R. 460, 463 (E.D. Mich. 1995) (stating that both § 724(b)(2) and § 1129(b)(2)(A) are proceedings by which a creditor could be compelled to accept a money satisfaction of its interest

within the meaning of § 363(f)(5)).

    With respect to section 724(b)(2), the Court finds the <u>Grand Slam</u> case distinguishable.  There, the Court found that section 724(b), which subordinates certain tax liens to administrative expenses, could support a sale under section 363(f)(5) which did not pay the tax lienor in full.  In this case, Wells Fargo is not a tax lien creditor; it is a first lien mortgagor.  Therefore, section 724(b) is not a proceeding under which Wells Fargo's interest could be subordinated or under which it could be compelled to accept a money satisfaction which is less than its claim.

    With respect to section 1129(b)(2), courts disagree as to whether it is a legal proceeding by which a sale proponent could satisfy section 363(f)(5).  <u>Compare</u> <u>Terrace Chalet Apartments</u>, 159 B.R. at 829 (finding that cramdowns are legal proceedings within the meaning of § 363(f)(5)), <u>with</u> <u>PW, LLC</u>, 391 B.R. at 46 (holding that "the availability of cramdown under § 1129(b)(2) is not a legal or equitable proceeding to which § 363(f)(5) is applicable.").

    Even if section 1129(b)(2) were a legal proceeding within the meaning of section 363(f)(5), the Debtors and One-Pie have not demonstrated that they could cram down Wells Fargo under that section.  <u>See</u> <u>Terrace Chalet Apartments</u>, 159 B.R. at 830 (holding that a § 1129(b) cramdown can be used to satisfy § 363(f)(5), but

requiring debtor to demonstrate how creditor could be crammed down).  To cram down Wells Fargo under section 1129(b)(2) the Debtors would have to demonstrate that (1) Wells Fargo is retaining its liens, (2) Wells Fargo is receiving deferred cash payments totaling at least the allowed amount of its claim, or (3) Wells Fargo is receiving the indubitable equivalent of its claim.  11 U.S.C. § 1129(b)(2)(A).  The Debtors have not shown how they can satisfy any of these elements.

Therefore, the Court finds that the Debtors cannot use either section 724(b) or 1129(b) to support a sale free and clear of Wells Fargo's liens under section 363(f)(5).

        2.  <u>Monition Sale</u>

One-Pie also argues that Wells Fargo could be compelled to accept a money satisfaction of its interests in the Properties through a state court monition sale.  In a monition sale, property with delinquent taxes is sold, free and clear of other liens and encumbrances, to pay the back taxes.  A monition sale prioritizes the payment of delinquent taxes over other liens. <u>See</u> Del. Code Ann. tit. 9, § 8727.  One-Pie asserts that because eight of the Properties are delinquent on water and sewage taxes, the county government could pursue a monition sale.  One-Pie argues that the monition sale would then subordinate Wells Fargo's mortgage liens on the properties, thereby compelling it to accept a money satisfaction from any proceeds left after

payment of the delinquent taxes.

Wells Fargo argues that it could not be compelled to accept a money satisfaction of its interests in the Properties through a monition sale for two reasons. First, Wells Fargo argues that it would receive notice of a potential monition sale and an opportunity to cure the delinquent taxes. Second, Wells Fargo argues that it could redeem the Properties if they were sold.

The Court agrees with Wells Fargo. The purpose of the monition sale process is either to sell real property to pay its delinquent taxes or to allow any person who has an interest in the property to cure those delinquent taxes. In re Tax Judgment, C.A. No. N10J-01-771, 2011 WL 3617207, at *1 (Del. Super. Ct. Aug. 4, 2011).

A monition sale under Delaware law begins when the taxing authority asks the Superior Court to issue a Writ of Monition. Del. Code Ann. tit. 9, § 8722. The Writ of Monition serves as notice to the public "that the property has been seized and warns that it will be sold at a public sale unless the taxes are paid." Tax Judgment, 2011 WL 3617207, at *1. Monition sales must be confirmed by the Superior Court of Delaware. Del. Super. Ct. R. 69(d). Prior to confirmation, the Superior Court may void the monition sale if "any person having an interest" in the property pays the delinquent taxes. Wilmington, Del., Code § 4-147. See also Del. Code Ann. tit. 9, § 8732.

7

Furthermore, even if the Superior Court confirms a monition sale, anyone who has an interest or lien on the property may still redeem the property within one year of confirmation by paying the monition sale purchase price plus fifteen percent. Del. Code Ann. tit. 9, § 8760.

Because Wells Fargo could avoid a monition sale by paying the delinquent taxes or could redeem the property if it were sold, the Court finds that it could not be compelled by a monition sale to accept a money satisfaction of its interests in the Properties. Therefore, the Court finds that the possibility of a monition sale of some of the Properties does not support a sale free and clear of Wells Fargo's liens under section 363(f)(5).

3.  <u>Partition Sale</u>

One-Pie also argues that Wells Fargo could be compelled to accept a money satisfaction of its interests in the Properties through a partition sale. Wells Fargo argues that a partition sale is inapplicable to the Properties.

In a partition sale, property held by two or more joint tenants or tenants in common is sold free and clear of all ownership interests in the property. Del. Code Ann. tit. 25, § 732. While partition sales are legal proceedings that can compel co-owners to accept a money satisfaction of their interest, the Debtors have not shown that a partition sale would be applicable

8

to these Properties.  See <u>PW, LLC</u>, 391 B.R. at 45 (debtors "must demonstrate how satisfaction of the lien 'could be compelled.'"). Wells Fargo is not a joint tenant or a tenant in common in the Properties; it is a lien holder.  Therefore, the Court finds that the Debtors and One-Pie cannot rely on a partition theory to support a sale of the Properties free and clear of Wells Fargo's liens under section 363(f)(5).

B.   <u>Section 363(f)(2)</u>

Section 363(f)(2) provides that a debtor may sell property of the estate free and clear of liens, claims, and encumbrances of an entity if that entity consents to the sale.

One-Pie argues that Wells Fargo never properly objected to the Sale Motion and, therefore, must be deemed to have consented. One-Pie notes that in its objection, Wells Fargo listed claims on thirteen properties, but the mortgages on two of those properties have been satisfied.  (D.I. 226 at Ex. C.)

Wells Fargo maintains that these errors were immaterial and that it properly objected to the sale.  (D.I. 228.)

The Court agrees with Wells Fargo.  Pursuant to Rule 9005 of the Federal Rules of Bankruptcy Procedure, which applies Rule 61 of the Federal Rules of Civil Procedure, "the court must disregard all errors and defects that do not affect any party's substantial rights."  Fed. R. Civ. P. 61.  Because neither of the properties on which Wells Fargo erroneously claimed to hold a

mortgage is the subject of this Sale Motion, the error did not significantly affect the Debtors' (or One-Pie's) rights.  See Wallace v. Ener, 521 F.2d 215, 222 (5th Cir. 1975) (error must rise above threshold of "harmless error").

Moreover, Wells Fargo corrected the error at the sale hearing and in its letter response to One-Pie's memorandum in support of the Sale Motion.  (D.I. 228.)

For these reasons, the Court finds that the error was not so significant as to void the objection and that Wells Fargo properly objected to the sale.  Therefore, the Court finds that the sale cannot be confirmed under section 363(f)(2).

IV.   CONCLUSION

For the reasons set forth above, the Debtors' Motion for an Order Approving the Sale of the Properties will be denied.

An appropriate order is attached.

Dated: July 30, 2015                    BY THE COURT:


                                        Mary F. Walrath
                                        United States Bankruptcy Judge

10